Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 788-5695
Stephanie@thetatarlawfirm.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MATTHEW LEE BINGHAM,** | Case. No. 3:19-cv-3653 |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| **CHECKR, INC.** | |
| Defendant. | |

## INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant Checkr, Inc. (hereafter "Checkr"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended* and the California Consumer Credit Reporting Agencies Act (hereafter the "CCRAA"), Cal. Civ. Code § 1785.25(a).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Matthew Lee Bingham is an adult individual residing in Lodi, CA.

5. Defendant Checkr is a business entity that regularly conducts business in the Northern District of California, and which has its headquarters and a principal place of business located at 2505 Mariposa Street, San Francisco, CA 94110.

## FACTUAL ALLEGATIONS

6. In or around November 2018, Plaintiff applied for employment with Lyft, Inc. ("Lyft").

7. As part of his job application, Plaintiff signed a document purportedly authorizing Lyft to obtain a consumer report for employment purposes.

8. Lyft contracts with Checkr to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

9. The consumer report supplied by Checkr contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Lyft.

10. Defendant Checkr has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

11. The inaccurate information includes, but is not limited to, two (2) criminal offense records. These records appear on the consumer report Checkr sold about Plaintiff to Lyft as follows: "MISDEMEANOR THEFT OF UTILITY SERVICES" and "FELONY BURGLARY."

12. The inaccurate information grossly disparages the Plaintiff and portrays him as a criminal and a felon, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

13. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

14. In fact, it appears as if Defendant mixed the file of another consumer with that of Plaintiff. Even a rudimentary review of the criminal record would show that it does not belong to Plaintiff. For example, the criminal record has a different first and middle name, Michael William Bingham.

15. Despite the glaring inconsistencies stated above, Defendant Checkr sold Plaintiff's employer a consumer report that contained the inaccurate information.

16. Plaintiff was subsequently denied continued employment at Lyft, was suspended from his ability to continue to drive for Lyft, and Plaintiff was informed by Lyft that the basis for this denial and suspension was the inclusion of the inaccurate criminal information on Plaintiff's Checkr consumer report, that the inaccurate information was a substantial factor for the denial and suspension.

17. Unable to continue working for Lyft, in February 2019, Plaintiff applied to be a driver with Uber Technologies, Inc. ("Uber").

18. As part of his job application, Plaintiff signed a document purportedly authorizing Uber to obtain a consumer report for employment purposes.

19. Uber also contracts with Checkr to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

20. Defendant Checkr sold Uber a consumer report regarding Plaintiff that again contained derogatory and inaccurate statements and information relating to Plaintiff.

21. Once again, the inaccurate information included an inaccurate criminal history, including felony and misdemeanor convictions which belong to another consumer with a different name.

22. Plaintiff was subsequently denied employment at Uber, and Plaintiff was informed by Uber that the basis for this denial was the inclusion of the inaccurate criminal information on Plaintiff's Checkr consumer report, that the inaccurate information was a substantial factor for the denial.

23. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, delayed employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

25. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE

### VIOLATIONS OF THE FCRA

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto, Defendant Checkr is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

28. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the

requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

31. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II

### VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. At all times pertinent Checkr was a "person[s]" and "consumer credit reporting agenc[ies]" as those terms are defined by Cal. Civ. Code §§ 1785.4(j) and 1785.3(d), respectively.

34. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §§ 1785.3(b) and 1785.6.

35. The above-mentioned consumer reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

36. In violation of Cal. Civ. Code § 1785.14(b), Checkr failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates, when it prepared consumer reports about Plaintiff.

37. Pursuant to Cal. Civ. Code § 1785.31, Checkr is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer credit reporting agency pursuant to Cal. Civ. Code § 1785.14(b).

38. Checkr's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, they are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

39. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

TATAR LAW FIRM

Dated: June 24, 2019     BY:   */s/ Stephanie R. Tatar*
Stephanie Tatar
Attorney for Plaintiff